INGRAM, Justice
(concurring specially).
The majority concludes that the Court of Civil Appeals erred both procedurally and substantively in reversing the judgment of the trial court. I agree. I concur specially only to note that it appears that the Court of Civil Appeals was not alone in what may be some confusion as to the applicable standard of review. From a review of the record, I cannot tell if the trial court applied the proper standard of review. My best notion is that it did not. For this reason, I would reverse the judgment of the Court of Civil Appeals and remand the case with instructions that it be remanded to the trial court.
Once the case is returned to the trial court, the father has the burden to show that a change in custody would materially promote the best interest and welfare of the child and that the benefits of the proposed custody modification would outweigh the disruptive effects inherent in the modification. See Ex parte McLendon, 455 So.2d 863 (Ala.1984). Concerning the problems usually associated with the disruptive effects of a change in custody, I note that it appears from the record that the child might be uprooted regardless of the outcome of this custody battle. However, such an issue is better left to the discretion of the trial court.